**UNITED STATES of America**

v.

**John N. MITCHELL et al., Defendants.**

**Crim. No. 74–110.**

United States District Court,
District of Columbia.

Oct. 4, 1974.

Leon Jaworski, Special Prosecutor, James F. Neal, Richard Ben-Veniste, Jill Wine Volner, Peter M. Kreindler, Watergate Special Prosecution Force, Washington, D.C., for the United States.

William G. Hundley, and Plato Cacheris, Washington, D.C., for defendant John N. Mitchell.

John J. Wilson and Frank H. Strickler, Washington, D.C., for defendant H. R. Haldeman.

William S. Frates and Andrew C. Hall, Miami, Fla., for defendant John D. Ehrlichman.

David Bress and Thomas C. Green, Washington, D.C., for defendant Robert C. Mardian.

Jacob A. Stein, Washington, D.C., for defendant Kenneth W. Parkinson.

MEMORANDUM AND ORDER

SIRICA, District Judge.

The matter to be decided by the Court concerns the number of peremptory

challenges to be exercised by each side during the jury selection process.

Rule 24(b) of the Federal Rules of Criminal Procedure reads in pertinent part:

> If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. . . . If there is more than one defendant, the court *may allow the defendants additional* peremptory challenges and permit them to be exercised separately or jointly.

■■ As is apparent from the language of Rule 24(b), the Court has discretion in a multi-defendant case to permit the defendants to exercise more than 10 peremptory challenges. But the Rule does not appear to authorize a Court to grant the Government more than 6 peremptory challenges over the objection of defendants. See 2 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 386 (Supp.1973). But cf., United States v. Projansky, 465 F. 2d 123 (2d Cir.), cert. denied, 409 U.S. 1006, 93 S.Ct. 443, 34 L.Ed.2d 299 (1972). The parties, however, can stipulate to allow a greater number of peremptory challenges. See, e. g., United States v. Potts, 420 F.2d 964 (4th Cir.), cert. denied 398 U.S. 941, 90 S.Ct. 1855, 26 L.Ed.2d 276 (1970).

In a memorandum filed September 26, 1974, the Special Prosecutor indicated his intention to reach some stipulation to permit both sides a greater number of peremptory challenges.

■ But at a bench conference at 9:30 a. m. on October 2, 1974, one of the defense attorneys, indicating without objection that he thought he was speaking for all of the defendants, took the position that while the defendants wanted 25 peremptory challenges, they would not agree to let the government have more than the usual six.

Under these circumstances, the Court has decided to allow the government six peremptory challenges and the defendants one peremptory challenge each, and ten challenges jointly, a total of fifteen for the defendants.

See generally 8 J. MOORE, FEDERAL PRACTICE ¶ 24.04 (2d ed. 1973); 2 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 386 (1969); see also Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919); United States v. Williams, 447 F.2d 894 (5th Cir. 1971).

The Court was willing, and is willing, to grant additional challenges to the defendants provided there were no objections to a proportionate increase in challenges for the government. But to grant the defendants five challenges each, while restricting the government to six challenges, would effectively give one side, the defense, the power to select the jury. That would not be fair nor would it be consient with our system of justice. See generally Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948).

Under our judicial system, both sides are to participate in jury selection; neither side should be excluded. In fact, the Committee on the Operation of the Jury System of the Judicial Conference of the United States recently recommended that Rule 24 be amended to provide that each side in a criminal case have an equal number of peremptory challenges. The Committee report noted:

> "The Committee also was of the consensus that the prosecution and the defense should normally be granted an equal number of peremptory challenges. At present, the defense may exercise ten peremptories and the prosecution only six in non-capital felony cases. Little justification for this disparity is apparent. Proper use of

peremptories by the government can contribute to a fair trial as effectively as proper use by the defendant. The Committee notes moreover, that Congress has adopted the principle of equality·in its most recent legislation dealing with the question, the District of Columbia Court Reorganization Act of 1970." Committee on Rules of Practice and Procedure of the Judicial Conference of the United States Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure at 10 (1973).

Under the circumstances it will be best to adhere as closely as possible to the Rule 24(b) allocation of challenges while allowing each defendant one opportunity for the individual exercise of a peremptory challenge. See generally United States v. Williams, 462 F.2d 393 (10th Cir. 1972); United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969).

As to peremptory challenges in the case of the alternate jurors, each side will have three.

In the ·Court's view, challenges for cause are more critical in the selection of an impartial jury than peremptory challenges, and the Court intends to be as liberal as possible in exercising its power to excuse potential jurors for cause in an attempt to overcome the impact, whatever it might be, of pretrial publicity. Barring any change in the defendants' position, however, the number of peremptory challenges given each side will be as described above.

Therefore, it is this 4th day of October, 1974, by the Court

Ordered that defendants may exercise one peremptory each and ten peremptory challenges jointly and the Special Prosecutor may exercise six peremptory challenges during the selection of regular jurors, and each side may exercise three peremptory challenges during the selection of alternate jurors in this case.