**In re John Kenneth BAKER, Grand Jury Witness, Plaintiff-Appellant.**

No. 82–8258
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 25, 1982.

Rehearing and Rehearing En Banc
Denied Sept. 13, 1982.

Martin & Young, J. Richard Young, Atlanta, Ga., for plaintiff-appellant.

William P. Adams, Asst. U. S. Atty., Macon, Ga., for appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

The appellant Baker is incarcerated pursuant to an order holding him in contempt of court for refusing to answer four questions during a grand jury proceeding. The court below had granted him use immunity and derivative use immunity. The appellant attacks the order of the district court on two grounds. First, he alleges that any information divulged to the grand jury could lead to him being prosecuted for criminal activity in Colombia notwithstanding the grant of use immunity. Second, he claims that the information which is the basis of the government's interrogation of him before the grand jury was obtained pursuant to an illegal wire tap as defined in 18 U.S.C. § 3504.

We reject the appellant's first contention. We affirm the district court on the basis of *United States v. Brummitt*, 665 F.2d 521 (5th Cir. 1981), and the opinion in the same case appearing in 608 F.2d 640 (5th Cir. 1979), in which case it was held that a possibility of prosecution in a foreign country is not a sufficient basis for immunity from testifying before the grand jury.

As to the appellant's second contention, we affirm the holding of the district court on the basis of *United States v. Ru-*

*bin,* 559 F.2d 975 (5th Cir. 1977), and *In re Vigil,* 524 F.2d 209 (10th Cir. 1975). A witness must say more than he believes that an unlawful electronic surveillance by a government agency led to his interrogation.[1] In *Rubin, supra,* the court adhered to "the requirement that the assertion of surveillance be a 'positive statement that unlawful surveillance has taken place,'" (citing *United States v. Tucker,* 526 F.2d 279, 282 (5th Cir. 1976)). "An allegation that it 'may' have occurred will not suffice." *Rubin, supra,* at 989.

██ Another ground for affirming the district court is that the questions which the witness Baker refused to answer were hardly the fruits of an illegal wire tap. The questions which Baker refused to answer in the grand jury room were:

1. Prior to being incarcerated,[2] what was your occupation?

2. Were you—are you a pilot?

3. Have you ever been a crop duster?

4. What is your date of birth?

18 U.S.C. § 3504, the statute Baker seeks to invoke, states:

(a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States

(1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act;

\* \* \* \* \* \*

(b) As used in this section "unlawful act" means any act the use of any electronic, mechanical or other device (as defined in section 2510(5) of this title) in violation of the Constitution or laws of the United States or any regulation or standard promulgated pursuant thereto.

Those questions and the answers to them could not be said to be inadmissible "because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act." Therefore, we affirm Baker's conviction.[3]

AFFIRMED.

---

1. This view is supported by a majority of the panel. One panel member believes that the claim is sufficient because appellant stated in his affidavit: "I believe that phone conversations of mine have been unlawfully and surreptitiously recorded. I base this belief on the fact that I heard the clicks and echoes during conversations which I had during said period of time." According to this panel member, this comports with the opinion in *United States v. Tucker,* 526 F.2d 279 (5th Cir. 1976): "We tend to agree with the Second, Ninth and D.C. Circuits that a 'mere assertion' of unlawful surveillance is enough to trigger the government's obligation to affirm or deny." 526 F.2d at 282.

2. Baker is presently incarcerated under plea of guilty to illegal importation of contraband.

3. The panel does not reach the issue of whether Baker is "a party aggrieved" within the meaning of the statute.