**UNITED STATES of America, Plaintiff,**

v.

**Henry F. FREDEMAN, II; William F. Fredeman Jr., a/k/a "Bill", James W. Crawford, a/k/a "Jim"; Douglas Williams, a/k/a "Doug"; Dennis Keith Foret; Dominic DeTommaso; Buford W. Salter, a/k/a "Red"; Billy Allen Rampy; Ronald May, a/k/a "Ronny"; Buddy Ledoux; James Kelly, a/k/a "Jim"; Randy Douglas Draper; Harold Milstead; Kenneth Tyler; Johnny Bass; Dugan Phillips; Virgil James Parker, a/k/a "Jim"; Billy Splettstosser; Port Arthur Towing; Channel Fueling Service, Inc.; Fredeman Shipyard Inc., Defendants.**

**No. B–86–10–CR.**

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 13, 1986.

Robert Wortham, U.S. Atty., E.D. Tex., Michael Bradford, Wes Rivers, Paul Naman, Asst. U.S. Attys., for plaintiff.

Robert J. Sussman, Michael Hinton, Pizzitola, Hinton & Sussman, Houston, Tex., for defendants Dominic DeTommaso, Billy Rampy, Tommy Rampy, James Kelly and Dugan Phillips.

Stephen M. Rienstra, Beaumont, Tex., for defendants Buford W. Salter, Ronald May, Buddy LeDoux, Kenneth Tyler and Johnny Bass.

John H. Hannah, Jackee Cox, Offices of John H. Hannah, Tyler, Tex., for defendants Randy Draper, Virgil Parker and Billy Splettstosser.

H.D. Pate, Bridge City, Tex., for defendants Harold Milstead and Larry Wiggins.

Ron Liebman, Patton, Boggs & Blow, Washington, D.C., Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., for defendants Port Arthur Towing Co., Channel Fueling, Inc. and Fredeman Shipyard, Inc.

Richard Haynes, Robert Wallis and Jan Woodward Fox, Haynes & Fullenweider,

---

Houston, Tex., for defendant Henry F. Fredeman, II.

Gus A. Saper, Ronald H. Tonkin, Houston, Tex., for defendant William F. Fredeman, Jr.

David H. Berg, Joel Androphy, David H. Berg & Assoc., Houston, Tex., for defendant James W. Crawford.

Carl Parker, Danny Doyle, Long, Parker & Doyle, Port Arthur, Tex., for defendants Douglas Williams and Dennis Keith Foret.

## MEMORANDUM OPINION AND OMNIBUS ORDER

HALL, District Judge.

The Court has previously increased the number of peremptory challenges allowed to the Defense from the ten (10) prescribed under Rule 24(b) of the Federal Rules of Criminal Procedure to a total of fifty-two (52) challenges. Those challenges will be exercised by the attorney representing each Defendant, or group of Defendants, and may be exercised jointly or severally. Such an increase is specifically allowed by the last sentence of Rule 24(b). There is, however, no such explicit provision permitting the Trial Judge to increase the number of strikes allowed to the United States.

It is apparently common practice to require the defense to consent to an increase in government peremptory challenges in return for an increase in the number of defense strikes. Wright, Federal Practice and Procedure, Criminal 2d, § 386, especially footnotes 9 & 10; *United States v. Tucker*, 526 F.2d 279, 283 (5th Cir.1976); *United States v. Scott*, 555 F.2d 522, 533 (5th Cir.1977); *United States v. Mitchell*, 384 F.Supp. 564, 565 (D.C.D.C.1974) aff'd sub nom *United States v. Haldeman*, 559 F.2d 31, 79–80 (DC Cir.1976).

The trial judge's decision to grant the defendant's request in part—providing them with two and one-half times the number of challenges held by the government reflects his awareness of the problem of pretrial publicity in this case. His refusal to grant that request in its entirety reflects a legitimate concern with the wisdom of providing one side with a far greater number of challenges than the other. *Haldeman*, supra, at 79.

There is also authority for the proposition that a Court can award additional strikes to the government even if the Defense objects. *Wright*, supra, fn. 10; *United States v. Scott*, supra; *United States v. Gleason*, 616 F.2d 2, 29 (2nd Cir.1979).

In the instant case the Defense currently enjoys approximately a 9–1 advantage in peremptory strikes. Were that ratio to continue, one side would have a crushing tactical advantage over the other. That would not, as the Court in *Haldeman* observed, be a fair burden to place upon only one party in an adversarial setting. In *Haldeman* the Court affirmed the District Court, when the District Court declined to sanction a 4–1 advantage in defense to government strikes, supra at 79.

In *Tucker* the Trial Court originally granted both sides additional strikes, but upon opposition from the defense, the Court withdrew that decision and only gave the minimum number of strikes to all parties. The Court of Appeals affirmed the action. *United States v. Tucker*, supra. In *Scott*, supra at 533–534, fn. 20, the Fifth Circuit assumed that Congress would not object to the proposed changes in Rule 24 which, *inter alia*, would have explicitly permitted awarding both sides more challenges. Even though Congress later disapproved that rule change, it did so on other grounds. 1977 *U.S. Code Congressional & Administrative News* 527, 533; H.R.Rep. No. 95–195, 95th Congress 1st Session, 1977, pp 7–8. The Court went on to say that because the Trial Court maintained the ratio of 10–6 it did not work a hardship on the defense to increase the number of government strikes. Moreover, because the defense remained free to exercise its peremptory challenges jointly or severally, and in the manner it deemed most beneficial to itself, and because there was no showing that the jury selected was anything but a fair, impartial, and representative panel there had been no abuse of discretion.

The Court is of the opinion and does find that the increase of peremptory challenges allowed the Government will not result in the selection of a jury that will be non-representative of the community or biased in any way.

Accordingly, IT IS, THEREFORE:

ORDERED, ADJUDGED, and DE-CREED that the Motion of the United States for Additional Peremptory Challenges be, and the same hereby is, GRANT-ED. It is ORDERED that the United States be allowed to exercise a total of 31 peremptory challenges during the jury selection process of this case, not including strikes for alternate jurors.