**In re Grand Jury Proceedings, David BRUMMITT, Appellant.**

**In re Grand Jury Proceedings, Jack Wayne SCARBOROUGH, Appellant.**

Nos. 79–3272, 79–3273
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Charles Louis Roberts, El Paso, Tex., for appellant.

Le Roy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Appeals from the United States District Court for the Western District of Texas.

Before BROWN, Chief Judge, and TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

TJOFLAT, Circuit Judge:

David M. Brummitt and Jack W. Scarborough both appeal from adjudications of civil contempt for failure to testify before a federal grand jury after having been granted use immunity pursuant to 18 U.S.C. §§ 6002, 6003 (1976).[1] Both were incarcerated and denied bail pending expedited appeal. 28 U.S.C. § 1826 (1976).[2] *See In re Grand Jury Proceedings (Gravel)*, 605 F.2d 750, 752 n. 1 (5th Cir. 1979) (per curiam).

1. Sections 6002 and 6003 state:

§ 6002. *Immunity generally*

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

(2) an agency of the United States, or

(3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

§ 6003. *Court and grand jury proceedings*

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to be-

come effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

2. Section 1826 provides:

§ 1826. *Recalcitrant witnesses*

(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

(1) the court proceeding, or

(2) the term of the grand jury, including extensions,

before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

Brummitt claims on appeal that the district court erred in not granting him adequate notice and time to prepare for the contempt hearing and in not permitting him to present witnesses to support his claim of just cause not to testify. Scarborough similarly contends his rights were violated by the manner in which he was found in contempt. We remand for further proceedings.

## I

On September 18, 1979, Brummitt and Scarborough each appeared before a grand jury in El Paso, Texas. The grand jury was investigating the crash in Marfa, Texas of an airplane loaded with marijuana. Because of the differing facts that gave rise to the two contempt orders, we consider the contentions of Brummitt and Scarborough separately.

## A

■ Brummitt, a non-Texas resident, appeared before the grand jury pursuant to a subpoena. Joseph Abraham, Jr., Brummitt's attorney of record, was unavailable due to a federal criminal trial in Santa Fe, New Mexico, and Charles L. Roberts, Abraham's associate, was also detained in court proceedings. Richard Esper, from another law office, represented Brummitt outside the grand jury room.

Shortly after Brummitt entered the grand jury room on September 18, he invoked his fifth amendment rights. At 10:33 a. m. the same day the district court signed an immunity order under 18 U.S.C. § 6002. The order was served on Brummitt in the grand jury room; he proceeded to answer a few questions but once again pled the fifth after consulting with Esper. The Assistant United States Attorney then explained the scope of the immunity order to Brummitt; however, Brummitt, on the advice of counsel, continued to refuse to answer the grand jury's questions. The Government immediately filed a suggestion of contempt with the district court; at 11:30 a. m. the court set a hearing on the matter for 1:45 that afternoon.

During the lunch hour, attorney Roberts learned of Brummitt's predicament and appeared at the contempt hearing to represent him. Roberts moved for a continuance, claiming inadequate time to prepare a defense to the contempt charge. He suggested that with time to prepare he would show Brummitt had "just cause" for refusing to answer because of: (1) the Government's allegedly improper purpose of calling him before the grand jury to testify regarding already indicted offenses, and (2) the risk that he might be subject to foreign prosecution because of the potential leak of his testimony and the limited scope of the immunity order. The court denied the motion for continuance and refused to hear the defenses, stating that they could subsequently be raised in a habeas corpus proceeding. At the conclusion of the brief hearing the court found Brummitt in contempt and ordered his incarceration.

Although Brummitt points in his brief to the potential merit of his defenses, fear of foreign prosecution and improperly-motivated grand jury questioning, he was not permitted to develop either matter at the district court hearing, so the record is barren of support for them. The essence of his appeal is his argument that he was entitled to more than two hours notice of the contempt proceeding and that he should have been allowed to present evidence therein.

In our view, the district court erred when it so rapidly disposed of Brummitt's case. While lack of notice claims have at least twice before been rejected by us, see *In re Grand Jury Proceedings (Postal)*, 559 F.2d 234, 237 (5th Cir. 1977) (per curiam), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1234, 55 L.Ed.2d 762 (1978); *In re Tierney*, 465 F.2d 806, 813–14 (5th Cir. 1972), *cert. denied*, 410

(b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.

U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973), in both these cases we observed that adequate notice and time for preparation were present. Here, on the other hand, Brummitt, who was represented by substitute counsel, was accorded a minimal time for preparation. We decline to establish a firm test of how long a witness must be given before a contempt hearing; we simply hold that here, under all the circumstances, inadequate time was present. *See Brown v. Braddick*, 595 F.2d 961, 966 n. 7 (5th Cir. 1979).

 Despite this holding, we partially affirm the district court's order because to date Brummitt has presented no proper cause for his refusal to testify. In his brief he has proffered two reasons for his action; neither is a valid defense. First, the risk of foreign prosecution claim was rejected by us in both *In re Tierney* and *In re Grand Jury Proceedings (Postal)*. *Accord, e. g., In re Federal Grand Jury Witness (Lemieux)*, 597 F.2d 1166 (9th Cir. 1979) (per curiam). We reaffirm the holding of these cases that a grand jury witness is adequately protected against the leak of his testimony by the district court's power to prevent such disclosure. *See* Fed.R.Crim.P. 6(e). Second, the Government specifically denied any improper motivation behind the grand jury questioning. Contempt Hearing Transcript at 10. Absent some allegation of harassment or prosecutorial misconduct, neither of which is present here, such a denial is sufficient. *See In re Grand Jury Investigation (McLean)*, 565 F.2d 318, 320–21 (5th Cir. 1977). Because the district court never allowed Brummitt to present his defenses, however, we remand his case along with that of Scarborough, see discussion *infra*, to give him an opportunity to raise any other matters, whether as defenses or in mitigation, *see In re Grand Jury Proceedings (Gravel)*, 605 F.2d 750, 752–53 (5th Cir. 1979) (per curiam), he wishes to present.

### B

 Scarborough, a Michigan resident, also appeared under subpoena. He was represented by his Michigan attorney and had no problem with any substitution of counsel. On the morning of September 18, after Scarborough asserted his fifth amendment rights before the grand jury, the district court signed a use immunity order for him as well. When he still refused to answer a grand jury question, he was cited for contempt and given a hearing along with Brummitt at 1:45 p. m. The district court declined to adjudicate Scarborough in contempt for refusing to answer the one question he had been asked, and, consequently, Scarborough was returned to the grand jury. Further questions were put to him and, after consulting with counsel, he refused to answer. At 6:00 o'clock that evening Scarborough again appeared before the district court, which ordered the Government to prepare a new suggestion of contempt. A second contempt hearing finally began at 8:30 o'clock the following morning, September 19. The district court refused to grant Scarborough a continuance and denied his counsel the opportunity to present any defenses. Scarborough was promptly held in contempt and ordered incarcerated.

The question of notice is closer here than it was for Brummitt. Original counsel represented Scarborough at all relevant times, and the final contempt hearing was held a day later than Brummitt's. Still, counsel had little time for preparation after the immunity order was entered, since the day of September 18 was spent either in court or on duty outside the grand jury room. We need not decide the continuance issue, since in any event a remand is necessary to permit Scarborough to present any defenses he may have.

The language of 28 U.S.C. § 1826 provides for the confinement of a recalcitrant witness who, *"without just cause shown"* (emphasis added), declines to testify in the face of a court order to do so. It seems axiomatic that before a district court may hold that a witness lacks just cause it must permit him to raise such defenses as he has to present. *See, e. g., In re Grand Jury Investigation (Bruno)*, 545 F.2d 385, 388 (3d Cir. 1976). Here, such was not done.

In his brief Scarborough has listed what he styles some thirteen potential defenses to any requirement that he answer the grand jury's questions. There being no development of these claims in the record below, we cannot properly evaluate them at this stage. Some clearly have no merit, such as the fear of foreign prosecution claim we have already considered in Brummitt's case, but fundamental fairness requires that Scarborough be permitted to raise them in the contempt proceeding below, and not in a collateral habeas corpus suit, so that they may be decided and then reviewed by us on appeal in an orderly fashion.

## II

For the reasons set forth above, we remand these matters to the district court for it to consider such defenses as Brummitt and Scarborough may present to it. We retain jurisdiction over these appeals, *see Osborne v. Coleman Co.*, 592 F.2d 1239, 1241 (5th Cir. 1979) (per curiam), and instruct the district court to make its rulings within twenty days. Brummitt and Scarborough shall be released on such bond as that court deems appropriate pending such rulings.

REMANDED WITH INSTRUCTIONS.