**In re Grand Jury Proceedings, David BRUMMITT, Appellant.**

**In re Grand Jury Proceedings, Jack Wayne SCARBOROUGH, Appellant.**

Nos. 79–3272, 79–3273
Summary Calendar *.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Charles Louis Roberts, El Paso, Tex., for appellant.

Le Roy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

TJOFLAT, Circuit Judge:

In *In re Grand Jury Proceedings (Brummitt and Scarborough)*, 608 F.2d 640 (5th Cir. 1979), this court retained jurisdiction over these appeals, while remanding the cause to the district court for a full consideration of the civil contempt defenses raised by the appellants, David M. Brummitt and Jack W. Scarborough. After a hearing on appellants defenses, the district court found them in contempt for their failure to testify before a federal grand jury after having been granted use immunity pursuant to 18 U.S.C. §§ 6002, 6003 (1976). Brummitt and Scarborough now bring their defenses before this court.

The facts leading to the original adjudications of civil contempt are stated in our prior opinion and will not be repeated here. *See* 608 F.2d at 642–43. Instead, we turn directly to the points of error raised by appellants, and address the facts as they relate to the issues now before us.

■ Appellants again argue that if they are forced to testify before the grand jury, their testimony would subject them to prosecution in a foreign country. They contend that their fifth amendment rights against self-incrimination have not been overcome by the grant of use immunity, and that the district court erred by refusing to allow them to present evidence to substantiate their fear of foreign prosecution. The district court viewed our prior opinion in this case as holding that the fear of foreign prosecution cannot be considered as a defense to contempt for refusal to testify, and therefore did not allow evidence to be presented on that issue. 1st Supp. Record at 44. In order to protect their rights on appeal, appellants made a Joint Offer of Proof, in which they attempted to show that their fear of prosecution in Mexico was both real and legitimate. No objection to

this offer was made by the Government. Appellants claim that our prior opinion does not foreclose the possibility that the fear of foreign prosecution can be a defense in this type of contempt proceeding, and argue that their offer of proof is sufficient to establish a prima-facie case of that defense.

In our prior opinion, we relied on precedent to hold that the fear of foreign prosecution is not a defense to contempt for refusal to testify and "that a grand jury witness is adequately protected against the leak of his testimony by the district court's power to prevent such disclosure. See Fed. R.Crim.P. 6(e)." 608 F.2d at 643. *See In re Grand Jury Proceedings (Postal)*, 559 F.2d 234 (5th Cir. 1977) (per curiam), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1234, 55 L.Ed.2d 762 (1978); *In re Tierney*, 465 F.2d 806 (5th Cir. 1972), *cert. denied*, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973). Even if we were to entertain such a defense in this circuit, *cf. In re Federal Grand Jury Witness (Lemieux)*, 597 F.2d 1166, 1168–69 (9th Cir. 1979) (Hufstedler, concurring specially), appellants' offer of proof has not presented a sufficient showing that they will be prosecuted by a foreign sovereign or that the protections of rule 6(e) will be inadequate to prevent the disclosure of incriminating testimony. The trial court, therefore, committed no error in refusing to entertain appellant's defense.

■ Appellants also contend that the trial court erred by not considering their belated motions to quash their subpoenas. The subpoenas commanded

> the Respondents to appear in the United States District Court for the Western District of Texas to testify before the grand jury, and to produce certain records pertaining to the payment of bond fees to a professional bail bondsman between 1975 and 1978. Each subpoena further contains the following statement. "These records may be turned over to any Special Agent of the Criminal Investigation Division, Internal Revenue Service, in lieu of a personal appearance."

Memorandum Opinion and Order, Record at 39–40. Appellants claim that the language of the subpoenas made them subpoenas duces tecum and provided an alternate means of producing the requested documents that would render their personal appearances unnecessary. Appellants profess that they have no such records and argue, therefore, that the subpoenas should be quashed.

The district court considered the motion to quash untimely, observing that it was not pressed until after appellants had appeared before the grand jury, had been granted use immunity, and subsequently had been held in contempt twice. We need not determine whether the argument—that the subpoena should have been quashed— has relevance in a contempt proceeding brought about by the witness's refusal to answer the grand jury questions. *Cf. In re Grand Jury Proceedings (Schofield)*, 486 F.2d 85, 91 (3d Cir. 1973) (holding that a 28 U.S.C. § 1826 contempt proceeding is an appropriate opportunity to present all defenses available for refusing to obey a subpoena).

■ A subpoena duces tecum can require an individual to testify even if it contains no language specifically commanding the personal appearance of the witness before the grand jury. *See Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1910). Thus, even if we were to read these subpoenas purely as subpoenas duces tecum, the appellants could be required to testify. Here, however, the subpoenas specifically commanded the appellants to appear before the grand jury and to testify. Alternatively, the subpoenas provided that the appellants' production of the requested documents to the IRS would excuse their personal appearances. The alternative was not pursued, so the appellants were still subject to the order to appear before the grand jury.

The appellants were not held in contempt for their failure to produce the documents they now say they do not possess. Their contempt citations stemmed from their failure to answer questions concerning the crash of an airplane loaded with marijuana near Marfa, Texas. Whether or not the appellants possessed the documents request-

ed in the subpoena is irrelevant to their contempt convictions.

 Appellants' final contention is that the Government did not sufficiently deny its involvement in any electronic surveillance of appellants. In their second contempt hearing, appellants claimed that the questions propounded to them by the grand jury were the result of illegal wiretaps. 18 U.S.C. § 2515 (1976). If this were true, appellants would have "just cause" within the meaning of the contempt statute for refusing to testify. *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). In light of an allegation that the grand jury questioning is prompted by illegal wiretaps, the Government is required to make an adequate denial. *Beverly v. United States*, 468 F.2d 732, 751–52 (5th Cir. 1972). Whether the Government's denial is "adequate" will depend upon the specificity of the claim of illegality. *United States v. Tucker*, 526 F.2d 279, 281–82 (5th Cir.), *cert. denied*, 425 U.S. 958, 96 S.Ct. 1738, 48 L.Ed.2d 203 (1976), *United States v. Stevens*, 510 F.2d 1101, 1105–06 (5th Cir. 1975). Here, the district court summarized the appellants' claims:

> . . . The claims of Scarborough and Brummitt in this case consist solely of Scarborough's unsworn motion for disclosure of electronic surveillance; a sworn motion to quash by Scarborough, alleging upon "information and belief" that the Government has engaged in illegal wiretaps; a list of telephone numbers associated with the Respondents and their attorneys, both past and present; and an exhibit disclosing that one attorney for one of the Respondents has had his telephone toll records subpoenaed by the grand jury.

Memorandum Opinion and Order, Record at 42.

The Government's response was an affidavit that stated that no electronic surveillance of appellants originated from a federal agency in the Western District of Texas during the time in question, and that the questions propounded to the appellants were the product of the investigation into the crash of the marijuana-laden airplane; the Government was unable to advise the court whether any electronic surveillance had been conducted outside the Western District of Texas. Record at 38. Appellants argue that this qualification prevented the Government's response from being a sufficient denial of illegal activity, and ask this court to remand this issue to the district court for further proceedings. We find this unnecessary. We agree with the district court that, in light of the unsubstantiated nature of appellants' claims, the Government's denial was sufficient.

Accordingly, the convictions are AFFIRMED.