## In re GRAND JURY PROCEEDINGS.

### Appeal of Frank WHITEHURST, Appellant.

No. 81–5109
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 3, 1981.

Clyde M. Taylor, Tallahassee, Fla., for appellant.

David L. McGee, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

■■■■■■■■■■■■■■■■■■■■■■■■■■■

Before HILL, FAY and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellant Frank Whitehurst appeals from an adjudication of civil contempt for failure to testify before a federal grand jury after having been given use immunity under 18 U.S.C.A. §§ 6002 and 6003.[1] Appellant was incarcerated and was denied bail pending appeal under 28 U.S.C.A. § 1826(a) and (b).[2]

The pertinent facts of the instant case can be briefly stated. Appellant was served with the subpoena at issue on Wednesday evening, January 21, 1981. He appeared before the grand jury on Friday, January 23, 1981. Appellant had actually consulted with his attorney for less than three hours. His attorney was present, and appellant was allowed to consult with his attorney after every question posed by the grand jury. Appellant refused to testify, claiming that his refusal was based on the First, Fourth, Fifth, Sixth, and Ninth Amendments to the United States Constitution. At 2:57 p. m. on January 23, appel-

---

1. 18 U.S.C.A. § 6002 provides:

   **§ 6002. Immunity generally**

   Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
   
   (1) a court or grand jury of the United States,
   
   (2) an agency of the United States, or
   
   (3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,
   
   and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

   18 U.S.C.A. § 6003 provides:

   **§ 6003. Court and grand jury proceedings**

   (a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

   (b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

   (1) the testimony or other information from such individual may be necessary to the public interest; and

   (2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

2. 28 U.S.C.A. § 1826 provides:

   **§ 1826. Recalcitrant witnesses**

   (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

   (1) the court proceeding, or

   (2) the term of the grand jury, including extensions,

   before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

   (b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.

lant was granted use immunity and was ordered to testify. He continued to refuse, and the contempt hearing took place at 3:40 p. m. that same afternoon. The only specific fact asserted by appellant to justify his refusal to testify, either in the court below or in his brief on appeal, was a general assertion that the questions to be asked by the grand jury were derived from illegal electronic surveillance or other wiretaps. The government attorney gave assurance that there had been no electronic surveillance and no wiretaps of any nature, and that no such information has led to any questions that will be asked. The district court held appellant in civil contempt, and ordered him confined until he agreed to testify, pursuant to 28 U.S.C.A. § 1826(a). The district court also found that appellant's appeal was frivolous and made only for delay and accordingly denied appellant bail pending appeal pursuant to 28 U.S.C.A. § 1826(b). Appellant makes two arguments on appeal: (1) that he was deprived of effective assistance of counsel because he and his counsel were not allowed adequate time to prepare for the contempt hearing; and (2) that he was entitled to bail on appeal.[3]

When a witness refuses to testify before a grand jury, after having been granted use immunity, our cases establish that the witness is entitled to adequate time to prepare for the contempt hearing. *In re Brummitt,* 608 F.2d 640 (5th Cir. 1979), *cert. denied* 447 U.S. 907, 100 S.Ct. 2990, 64 L.Ed.2d 856 (1980); *In re Grand Jury Proceedings (Postal),* 559 F.2d 234 (5th Cir. 1977). The latter case indicates that this court will take a pragmatic view of whether there has been adequate time to prepare for a contempt hearing. In that case it was apparent that the appellant and his attorney had anticipated the appellant's intention to refuse to testify, the grant of

use immunity, and the contempt hearing. Therefore, the court held that the appellant was not deprived of an adequate time to prepare for the contempt hearing, even though the hearing was held only an hour after use immunity was granted. 559 F.2d at 237. Similarly, we said in *In re Brummitt, supra:* "We decline to establish a firm test of how long a witness must be given before a contempt hearing; we simply hold that here, under all the circumstances, inadequate time was present." 608 F.2d at 643.

Because our determination of whether appellant and his counsel here were provided adequate time to prepare for the contempt hearing is influenced by a subsidiary issue—whether appellant has asserted any legitimate cause for refusing to testify—we turn first to this threshold issue. In the court below, and in his brief on appeal, appellant bases his refusal to testify on the First, Fourth, Fifth, Sixth, and Ninth Amendments. However, the only specific fact asserted is a general assertion that the questions to be asked by the grand jury were derived from illegal electronic surveillance or other wiretaps. Appellant's claims fall into four categories: (1) the Fifth Amendment claim; (2) the Fourth Amendment claim based on illegal surveillance; (3) the First and Ninth Amendment claims; and (4) the Sixth Amendment claim. Only the last is asserted on appeal, but we address the others in our consideration of the threshold issue of whether appellant has asserted any legitimate cause for refusing to testify.

With respect to the Fifth Amendment claim, the grant of immunity eliminates the Fifth Amendment as a ground for refusing to testify.

The Fourth Amendment[4] claim deserves brief discussion. In *Gelbard v. Unit-*

---

**3.** Appellant also argues that he was deprived of effective assistance of counsel because he and his counsel were not allowed adequate time to prepare for his appearance before the grand jury. Appellant's argument in this regard parallels his primary argument that he had inadequate time to prepare for the contempt hearing, and we reject it for the same reasons we reject his primary argument.

**4.** Appellant gives his claim the Fourth Amendment label. However, he relies on *Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), which expressly does not

*ed States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), the Supreme Court held that a witness who has been granted immunity can invoke 18 U.S.C.A. § 2515 as a defense in a contempt hearing. Section 2515 prohibits the use in any proceeding of information or evidence derived from an unlawful interception of wire or oral communication.[5] However, it is clear in this circuit that a general assertion of illegal electronic surveillance cannot form the basis of a justifiable refusal to testify when the government has denied the occurrence of any unlawful act pursuant to 18 U.S.C.A. § 3504(a)(1).[6] *United States v. Stevens*, 510 F.2d 1101 (5th Cir. 1975). See also *Gelbard v. United States*, 408 U.S. at 71, 92 S.Ct. at 2373 (Justice White concurring). On appeal, appellant does not argue that he could justifiably refuse to testify in the face of a government denial of unlawful activity, if the government's denial complies with section 3504. His argument on appeal is that the government's denial—by oral statement of government counsel—is insufficient. In *United States v. Stevens, supra*, we held that the district court did not abuse its discretion in determining that the unsworn denial of government counsel satisfied section 3504, when viewed in the context there involving only a general and unsubstantiated assertion of illegality. In *Stevens*, the government's denial admitted that questions were derived from a particular electronic surveillance, but asserted that that particular interception had already been adjudged legal in a previous decision of the same district court involving other parties, and asserted that "[n]o other questions were based on any other electronic surveillance." 510 F.2d at 1104. The government's denial in the instant case, a categorical denial of any electronic surveillance of any nature, is more forceful than that in *Stevens*. We assign little significance to the fact that the oral denial was reduced to an unsworn written statement in *Stevens*; the denial in the instant case was transcribed. We conclude that appellant's claim based on illegal electronic surveillance has no merit.

■ Appellant's First and Ninth Amendment claims have no merit. Neither in the court below, nor in his brief on appeal, has appellant explained how his First and Ninth Amendment rights were infringed.

With respect to the threshold issue, we conclude that there was no cause for appellant to refuse to testify.

■ Turning to appellant's Sixth Amendment claim, the issue can be stated as whether appellant was allowed adequate time in this case to prepare for the contempt hearing when in fact there was no just cause to refuse to testify. Appellant had from Wednesday evening to Friday morning to retain and consult with counsel. He did in fact retain counsel, and did in fact consult for almost three hours. Counsel was present and available during the grand jury proceedings. Counsel effectively represented appellant at the immunity hearing,

---

reach the constitutional issue. We deal with appellant's claim as being based on *Gelbard* and the statute, 18 U.S.C.A. § 2515, construed there.

**5.** 18 U.S.C.A. § 2515 provides:
**§ 2515. Prohibition of use as evidence of intercepted wire or oral communications**
Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclo-

sure of that information would be in violation of this chapter.

**6.** 18 U.S.C.A. § 3504(a)(1) provides:
**§ 3504. Litigation concerning sources of evidence**
(a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States—
(1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act;

and also at the contempt hearing. We conclude on these facts that appellant and his counsel had adequate time to prepare for the contempt hearing. *In re Brummitt, supra*;[7] *In re Grand Jury Proceedings (Postal), supra.*

■ With respect to appellant's argument that he was entitled to bail pending appeal, 28 U.S.C.A. § 1826(b) provides in pertinent part:

> No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay.

The foregoing discussion has demonstrated that appellant had no just cause for refusing to testify, and that appellant and his counsel had adequate time to prepare for the contempt hearing. The principles of law discussed in this opinion are well established, and, in fact, were discussed by opposing counsel and the district judge in the proceedings below. Under these circumstances, we agree with the district court that the instant appeal is either frivolous or taken for delay, and accordingly we hold that the district court did not err in denying bail pending appeal.

AFFIRMED.

---

7. This court in *In re Brummitt, supra*, remanded the case to permit the appellant to present whatever defenses he desired, even though the only two reasons argued on appeal as causes for his refusal to testify were found wanting. That procedure was followed because the district court had never allowed Brummitt to present his defenses. Such a procedure would be inappropriate in the instant case where the district court gave appellant every opportunity to present defenses.