848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Donald ADDISON, Defendant-Appellant.
 No. 88-5225.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-appellant appeals from a February 9, 1988 order of the district court, holding him in civil contempt under the recalcitrant witness statute, 28 U.S.C. Sec. 1826, for refusing to testify before a grand jury.
 
 
 2
 Addison contends that he was not given adequate notice and an opportunity to prepare a defense to the contempt charge, as required by Fed.R.Crim.P. 42(b). The government responds that even though the time interval between the act of contempt and the contempt hearing was short, the defendant had adequate notice and an opportunity to prepare a defense prior to the hearing. For the reasons stated below, we affirm the action of the district court.
 
 
 3
 On January 15, 1988, Addison was subpoenaed to testify before a grand jury investigating narcotics trafficking in Monroe County, Tennessee. At that time, he was serving concurrent fifteen year prison terms for conspiracy to distribute cocaine, 21 U.S.C. Sec. 846, and possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1). The government advised Addison's attorney that if he attempted to raise his privilege against self-incrimination during the grand jury proceedings, the United States would, if necessary, seek an order immunizing him, under 18 U.S.C. Sec. 6001 et seq., and compelling his testimony. If the order was granted and Addison still refused to testify, the government would institute contempt proceedings under 28 U.S.C. Sec. 1826. On Friday, February 5, 1988, four days before Addison's grand jury appearance, the government moved for an order immunizing the defendant and compelling his testimony. That same day, Addison was transferred to the Chattanooga jail where his first and only meeting with counsel prior to his grand jury appearance occurred Sunday evening, February 7, 1988.
 
 
 4
 At 8:54 a.m., Tuesday, February 9, 1988, the district court granted the government's motion and ordered that Addison give testimony or provide other information to the grand jury, under a grant of immunity. See 18 U.S.C. Sec. 6002. At 9:15 a.m., Addison was called to testify before the grand jury. He refused but was allowed to confer with his attorney outside the courtroom. Addison reappeared before the grand jury, where he again refused to testify. The government moved to hold Addison in contempt under 28 U.S.C. Sec. 1826 and the contempt hearing was scheduled for 3:30 p.m. Addison remained in the federal marshal's custody until the hearing.
 
 
 5
 During the contempt hearing, Addison said he had refused to testify because he had a loss of memory. The district court instructed Addison that if he could not remember events, he should so state when questioned before the grand jury. The hearing ended but before Addison could reappear before the grand jury, his attorney informed government counsel that Addison would not comply with the immunization order and testify. At 5:40 p.m., a second contempt hearing began. Addison's attorney moved for a continuance to prepare a defense but, upon questioning by the court, did not disclose what legal issues he intended to raise or what factual disputes need to be resolved. The district court found Addison in civil contempt and ordered him incarcerated pursuant to 28 U.S.C. Sec. 1826.
 
 
 6
 Addison's counsel timely moved the court to reconsider its order, arguing that he needed a continuance to determine if his client wanted to assert a defense of loss of memory. The district court denied the motion, reiterating that Addison had had adequate notice and opportunity to present a defense. Furthermore, the court said loss of memory was not a colorable defense because Addison had refused to testify at all. Addison timely appealed.
 
 
 7
 In a hearing under 18 U.S.C. Sec. 1826, a witness is entitled to notice and a reasonable opportunity to show just cause for refusing to comply with the court order directing him to provide information to the grand jury. See In re Grand Jury Proceedings (Hellman), 756 F.2d 428, 430 (6th Cir.1985); In re Grand Jury Subpoena, 739 F.2d 1354, 1357 (8th Cir.1984); United States v. Alter, 482 F.2d 1016, 1023 (9th Cir.1973). See also Fed.R.Crim.P. 42(b).
 
 
 8
 The determination of how much time is reasonable is within the sound discretion of the district court and varies according to the circumstances of each case. United States v. Alter, 482 F.2d at 1023. See In re Grand Jury Proceedings, 643 F.2d 226, 228 (5th Cir.1981). More preparation time is appropriate when a defense raises issues of some complexity or an evidentiary hearing is necessary. United States v. Hawkins, 501 F.2d 1029, 1031 (9th Cir.) (per curiam), cert. denied, 419 U.S. 1079 (1974). The reverse observation is also true, less preparation time is required when the claimed defense has no merit. United States v. O'Day, 667 F.2d 430 (4th Cir.1981); In re Grand Jury Proceedings, 643 F.2d at 229-30. We conclude that defendant had sufficient notice and opportunity to advance a defense and to develop proof that he had just cause to refuse to comply with the district court order.
 
 
 9
 The judgment of contempt against Addison under 28 U.S.C. Sec. 1826 is affirmed.