**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth HAWKINS, Defendant-Appellant.**

**No. 74-2177.**

United States Court of Appeals, Ninth Circuit.

Aug. 12, 1974.

Certiorari Denied Dec. 16, 1974. See 95 S.Ct. 668.

Robert H. Stevenson, Seattle, Wash., for defendant-appellant.

Marvin L. Gray, Jr., Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, KILKENNY and GOODWIN, Circuit Judges.

PER CURIAM:

Hawkins appeals from the issuance of an order of civil contempt against him following his refusal to give writing exemplars to the grand jury. We affirm.

On two occasions Hawkins was taken from prison under a writ of habeas corpus ad testificandum, brought before a grand jury, and asked to give writing exemplars. He refused on both occasions. Following his first refusal, the district court found him to be in criminal contempt and sentenced him to a term of six months less a day. Following his second refusal, almost one year later, the district court found him to be in civil contempt and ordered him to remain in prison until he provided the writing exemplars or until the term of the present grand jury expires, in March 1975. Hawkins appeals only from the order of civil contempt.

He raises several issues on appeal. First, he claims that his constitutional right against double jeopardy has been violated. Specifically, he alleges that since the district court first held him in criminal contempt for failing to give writing exemplars, and sentenced him to a fixed term of almost six months for that offense, it was constitutionally improper for the court, on a subsequent occasion, to hold him in civil contempt for again failing to give writing exemplars.

This argument is without merit. "It is well established that separate successive contempts are punishable as separate offenses." United States v. Gebhard, 426 F.2d 965, 968 (9th Cir. 1970), and cases cited therein. Thus, the criminal contempt citation for Hawkins' first refusal to provide exemplars was wholly separable from the civil contempt citation for his second refusal. At no time did the district court place him in double jeopardy for the same offense.

The second issue raised by Hawkins is that he was not given a meaningful opportunity to show just cause for his refusal to furnish the handwriting exemplars. We also reject this claim.

A court may not hold a person in contempt for refusing to testify when that person has shown "just cause" for his refusal. 28 U.S.C. § 1826(a). In a contempt proceeding, whether denominated civil or criminal, the alleged contemnor is entitled to the safeguards provided by Rule 42(b) of the Federal Rules of Criminal Procedure; that is, to notice and to a reasonable time to prepare his defense. United States v. Alter, 482 F.2d 1016, 1023 (9th Cir. 1973).

In the present case, Hawkins refused to provide exemplars to the grand jury on April 16, 1974. On that same day he was brought before the district court and ordered to furnish them, and again he refused. The district court set the matter over to the following day, April 17, 1974, to give Hawkins an opportunity to discuss the situation with an attorney and to be prepared to change his mind or be held in contempt of court. Following another refusal the next day, Hawkins was held in civil contempt. He contends that the one day which the district court allowed him to consider the matter was not a reasonable time to prepare his defense.

This court, when considering the amount of time reasonably necessary to prepare a defense, has recognized that "[a] reasonable time will vary according to the circumstances of each case." United States v. Alter, *supra* at 1023. We have held that five days will generally be necessary "[w]hen the alleged contemnor's defense raises legal issues of some complexity or there is an indication that an evidentiary hearing may be required . . . ." *Id.* However,

> [i]n some cases all the important issues will have been raised by the time of the immunity hearing, and it will be apparent that the actual contempt can raise no new issues. If so, the witness may have had adequate time to prepare even though very little time elapses between the alleged contempt and the contempt hearing.

*Id.* at 1023–1024.

Under the circumstances of this case, we do not think that Hawkins was denied reasonable time to prepare his defense. His attorney, who appeared on the afternoon of the day the contempt order was signed, stated that he had advised Hawkins what he thought Hawkins should do, and that Hawkins had "already accomplished that act and has no intentions of changing that particular position." The only matter the attorney addressed to the court's attention, and the only matter Hawkins asked his attorney to address to the court, concerned the *nature* of the contempt order. It appears that never until now did either Hawkins or his attorney claim that they were not allowed adequate time to prepare a defense. Indeed, the tenor of the testimony by Hawkins' attorney indicates that there was adequate time.

The remaining issues raised by Hawkins require little attention. He claims that his Fourth Amendment right against unreasonable seizure was violated when he was taken from prison under the authority of a writ of habeas corpus ad testificandum to appear before the grand jury. This argument is frivolous. *See generally* United States v. Dionisio, 410 U.S. 1, 8–15, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). He claims further that he was denied his statutory right to use immunity in that he re-

fused, "on the basis of his privilege against self incrimination," to "provide other information" within the meaning of 18 U.S.C. § 6002. This argument misses the mark because "handwriting exemplars [are] not protected by the privilege against compulsory self-incrimination." United States v. Dionisio, *supra* at 6, 93 S.Ct. at 768 (1973). Finally, Hawkins contends that the manner of the government's use of the grand jury and the contempt process in this case is "a shocking and illegal abuse." This court has specifically rejected a similar argument, stating that "[w]e do not find it shocking that a successor grand jury wants the testimony to which it is legally entitled." United States v. Duncan, 456 F.2d 1401, at 1407 (9th Cir. 1972).

Affirmed.