**In re Frank J. JACQUES, Debtor.**

**No. CV–N–90–131–ECR.**

United States District Court,
D. Nevada.

April 6, 1990.

Frank J. Jacques, Reno, Nev., in pro per.

ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court is a Certification of Facts Constituting Civil Contempt from the bankruptcy court entered on March 6, 1990. An order is sought from this Court declaring debtor in civil contempt of court for debtor's violation of the bankruptcy court's orders. The Certification is based upon the following findings of fact. The bankruptcy case was initiated by the filing of an involuntary petition against debtor by Nevada National Bank (NNB) on February 2, 1989. On June 28, 1989, at the meeting of the creditors pursuant to 11 U.S.C. § 341, the debtor answered several questions put forth by the trustee, but declined to answer several other questions on the grounds of self-incrimination, and claimed the fifth amendment. Debtor also claimed the fifth amendment at subsequent § 341 meetings held on July 12, 1989, July 26, 1989, and August 26, 1989.

On September 21, 1989, the Trustee filed a Motion to Compel Debtor to Testify and Answer Material Questions. On November 22, 1989, the bankruptcy court entered an Order Directing Debtor to Testify and Answer Material Questions. In that Order, the bankruptcy court concluded that the debtor had waived his fifth amendment privilege against self-incrimination by answering in part several questions at the § 341 meetings. At a continued § 341 meeting held on January 12, 1990, the debtor refused to comply with the bankruptcy court's Order, and refused to answer any questions on the grounds of the fifth amendment privilege against self-incrimination, and the sixth amendment right to counsel.

Meanwhile, pursuant to an Order for Relief on the Involuntary Petition entered into by the bankruptcy court on May 10, 1989,

the debtor was required to file financial statements and schedules pursuant to Bankruptcy Rule 1007(c) within 15 days. On June 13, 1989, the trustee filed a Motion to Compel the Filing of Schedules and Statements. On July 21, 1989, debtor filed the schedules and statements. On September 21, 1989, the trustee filed an Amended Motion to Compel the Debtor to File the Schedules or Show Cause Why They Have Not Been Correctly Filed. On October 27, 1989, the debtor filed an Amended Petition which included revised schedules and statements. On November 22, 1989, the bankruptcy court entered an Order Directing Debtor to File Complete and Correct Schedules and Statements. Finally, on January 12, 1990, at a § 341 meeting, debtor refused to comply with the bankruptcy court's Order that debtor file complete and correct schedules and statements on the grounds that the Order violated debtor's fifth amendment privilege against self incrimination, and debtor's sixth amendment right to counsel.

On January 23, 1990, the trustee filed a Motion For Order of Contempt in the bankruptcy court. On February 16, 1990, debtor filed an Opposition to the trustee's Motion. The bankruptcy court held a hearing on February 21, 1990 to consider the trustee's Motion. On March 6, 1990, the bankruptcy court entered the Certification of Facts Constituting Civil Contempt which is now before this Court.

Before determining whether debtor should be held in contempt of court, this Court must first determine if the bankruptcy court correctly characterized the purported contempt as civil (as opposed to criminal contempt). A court's characterization of a contempt is not determinative, but it is one factor. *Portland Feminist Women's Health Center v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir.1989) (citing *United States v. Powers*, 629 F.2d 619, 626 (9th Cir.1980)). "To determine whether a contempt order is civil or criminal we look to its purpose." *Id.* The most common distinction between civil and criminal contempt is that "if the penalty is to compensate the complaining party or to coerce the defendant into complying with

the court's orders, the contempt is civil, while if the penalty is punitive, intended to vindicate the authority of the court, then the contempt is criminal." *Hubbard v. Fleet Mortgage Co.*, 810 F.2d 778, 781–82 (8th Cir.1987) (citing *United States v. United Mine Workers*, 330 U.S. 258, 302–04, 67 S.Ct. 677, 700–01, 91 L.Ed. 884 (1947). *See also Portland Feminist Women's Health Center*, 877 F.2d at 790.

■ The contempt in this case, if ordered, would be civil. The purpose of a contempt order here would not be to vindicate the authority of the court, but rather to coerce the debtor into filing complete schedules and answering all questions at the § 341 meeting.

Nevertheless, this Court believes that debtor should not be held in civil contempt of court. Debtor had not waived his fifth amendment privilege by answering questions at the § 341 meeting. In the Ninth Circuit, "the witness has considerable latitude in deciding when to stop responding to questions." *Matter of Seper*, 705 F.2d 1499, 1501 (9th Cir.1983). The rule in this Circuit is that, "whatever the standard of waiver for defendants who voluntarily testify, 'an ordinary witness may pick the point beyond which he will not go,' and refuse to answer any questions about a matter already discussed, even if the facts already revealed are incriminating, as long as the answers sought may tend to further incriminate him." *United States v. Seifert*, 648 F.2d 557, 561 (9th Cir.1980) (quoting *Shendal v. United States*, 312 F.2d 564, 566 (9th Cir.1963)).

■ Since debtor was entitled to refuse to answer questions at the § 341 meetings, he should not be held in contempt for his refusal to answer questions at the January 12 meeting. Furthermore, debtor could properly assert the fifth amendment with regard to the financial statements and schedules since the act of completing these forms would be testimonial in that it would convey information. *Doe v. United States*, 487 U.S. 201, 108 S.Ct. 2341, 2347, 101 L.Ed.2d 184 (1988). Therefore, debtor should not be held in

contempt for his failure to file complete financial statements and schedules.

Since this Court has decided that debtor should not be held in contempt based upon debtor's fifth amendment privilege against self-incrimination, this Court need not consider debtor's argument that his sixth amendment right to counsel was violated.

IT IS, THEREFORE, HEREBY ORDERED that after consideration of the Certification to the United States District Court of Facts Constituting Civil Contempt (# 1), debtor shall not be held in civil contempt of court.