NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10182 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00036-TLN-1 |
| v. | |
| EUGENE E. FORTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 13, 2018**
San Francisco, California

Before: HAWKINS, BEA, and HURWITZ, Circuit Judges.

Eugene Forte appeals his conviction and $150 fine for criminal contempt, 18 U.S.C. § 401. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** Substantial evidence supported the judgment of conviction. The district court had entered an order prohibiting Forte from making "further accusations and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

statements of disrespect" against the presiding judge. In a subsequent filing, Forte nonetheless described the judge as "a judge by title only," "a liar," and "inept." *See United States v. Rylander*, 714 F.2d 996, 1001–02 (9th Cir. 1983) ("Criminal contempt is established when it is shown that the defendant is aware of a clear and definite court order and willfully disobeys the order." (citing *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980))). Forte argues that "affronts to [the] dignity of the court . . . do not . . . constitute criminal contempt," unless they "obstruct the proceedings or threaten dispassionate administration of justice." But, contempt "requires only that there has been 'disobedience or resistance' to a court's 'lawful writ, process, order, rule, decree, or command.'" *United States v. Galin*, 222 F.3d 1123, 1127 (9th Cir. 2000) (per curiam) (quoting 18 U.S.C. § 401(3)).[1]

**2.** We reject Forte's argument that his conviction cannot be upheld because the order he violated is unconstitutional. The collateral bar rule "permits a judicial order to be enforced through criminal contempt even though the underlying decision may be incorrect and even unconstitutional." *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 725 (9th Cir. 1989) (citations omitted). Thus, even if the order were unconstitutional, that fact would not bear on the validity of his

---

[1] Forte also argues that the order was not "clear and definite" because it contained language granting a subpoena request. But Forte testified below that he was aware of the court's instruction concerning disrespect, and does not assert otherwise on appeal.

conviction. But, in any case, the order is constitutional. *See Zal v. Steppe*, 968 F.2d 924, 928 (9th Cir. 1992) ("[I]t is the right of . . . every litigant to press his claim[,] . . . [b]ut if the ruling is adverse, it is not counsel's right to resist it or to insult the judge—his right is only respectfully to preserve his point for appeal." (emphasis omitted) (quoting *Sacher v. United States*, 343 U.S. 1, 9 (1952))).

**3.** Forte argues that the $150 fine imposed for his contempt conviction should be overturned because it was based on his violation of an unlawful order. But, the order was valid, and the fine was not "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (citation omitted)).

**AFFIRMED**.